UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------X

UNITED STATES OF AMERICA

        -against-                      16 Cr. 45 (RWS)

                                          SENTENCING
JOSE RIVERA,                          OPINION

                Defendant.

------------------------------------------X

**Sweet, D.J.**

On October 17, 2016, Jose Rivera ("Defendant" or "Rivera") pleaded guilty to conspiracy to distribute and possess with intent to distribute cocaine. Based on the conclusions set forth below, Rivera will be sentenced to 366 days in the Location Monitoring Program, also known as the Home Confinement Program, followed by three (3) years' supervised release, subject to the scheduled sentencing hearing on February 22, 2017.



1

**Prior Proceedings**

Rivera is named in a one-count information filed in the Southern District of New York on January 20, 2016. Count One charged that in or about December 2015, in the Southern District of New York and elsewhere, Rivera and his codefendant Luis Mejia conspired with others known and unknown to distribute and possess with the intent to distribute five kilograms and more of mixtures and substances containing a detectable amount of cocaine, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A).

On October 17, 2016, Rivera appeared before the Honorable Henry B. Pitman and allocuted to the lesser included offense of conspiracy to distribute and possess with the intent to distribute cocaine, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(C).

Rivera is scheduled to be sentenced on February 22, 2017.

**The Sentencing Framework**

In accordance with the Supreme Court's decision in United States v. Booker, 543 U.S. 220 (2005), and the Second Circuit's decision in United States v. Crosby, 397 F.3d 103 (2d Cir. 2005),

the sentence to be imposed was reached through consideration of all of the factors identified in 18 U.S.C. § 3553(a), including the Advisory Guidelines. Thus, the sentence to be imposed here is the result of a consideration of:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed —

   (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

   (B) to afford adequate deterrence to criminal conduct;

   (C) to protect the public from further crimes of the defendant; and

   (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3) the kinds of sentences available;

(4) the kinds of sentence and the sentencing range established for —

   (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines . . .;

(5) any pertinent policy statement [issued by the Sentencing Commission];

(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7) the need to provide restitution to any victims of

the offense.

18 U.S.C. § 3553(a). A sentencing judge is permitted to find all the facts appropriate for determining a sentence, whether that sentence is a so-called Guidelines sentence or not. See Crosby, 397 F.3d at 114-15.

**The Defendant**

The Court adopts the facts set forth in the Presentence Investigation Report ("PSR") with respect to Defendant's personal and family history.

**The Offense Conduct**

The Court adopts the facts set forth in the PSR with respect to the offense conduct. These facts are summarized, in brief form, below.

On December 10, 2015, agents working for Customs and Border Protection (CBP) performed a physical examination of a shipping container that had arrived at the Port of Palm Beach, Florida, from the Dominican Republic and discovered a white powdery substance, which was subsequently confirmed to be cocaine. CBP

weighed the cocaine and determined that it weighed approximately 98 kilograms.

On December 14, 2015, an undercover Homeland Security (HSI) agent contacted the phone number listed for the consignee on the container and spoke to Jose Rivera. During the call, the undercover HSI agent posed as an individual at the Florida Port who discovered the cocaine shipment and wanted a sum of money to release the shipment to its destination in New York.

Over the next few days, the undercover agent and Rivera continued to communicate about the shipment over WhatsApp, an online secure messaging application. On December 16, 2015, Rivera provided the undercover agent with the telephone number of Luis Mejia, and the undercover agent arranged a meeting with Mejia for the next day. On December 17, 2015, Rivera trailed the meeting between Mejia and a second undercover HSI agent, during which it was agreed that they would meet in the port in Brooklyn and Mejia would pay a sum of money in exchange for the cocaine shipment.

On December 21, 2015, Mejia and Rivera met with the second undercover agent and a third undercover HSI agent at the port in Brooklyn. Mejia handed half of the agreed-upon amount in cash to

the agents, and both Mejia and Rivera were subsequently arrested by the agents.

Both Mejia and Rivera were interviewed following their arrest. Rivera stated that he had established the company JR Fruit and Vegetables Company, which was listed as the destination of the container containing the drugs. Rivera did not admit guilt during the post-arrest interview.

Pursuant to a plea agreement dated October 4, 2016, Rivera agreed to plead guilty to the lesser included offense of conspiracy to distribute and possess with the intent to distribute cocaine, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(C).

**The Relevant Statutory Provisions**

For the lesser included offense of Count One of the Information, to which Rivera pleaded guilty, the maximum term of imprisonment is 20 years and the maximum fine is $1,000,000. 21 U.S.C. §§ 846 and 841(b)(1)(C). The offense is a Class C Felony. 18 U.S.C. § 3559. A special assessment of $100 per count is mandatory. 18 U.S.C. § 3013(a)(2)(A).

The Court must impose a term of supervised release of at least three years. 18 U.S.C. § 3583(b)(2); 21 U.S.C. § 841(b)(1)(C). The defendant is not eligible for probation because the offense of conviction is a Class C felony. 18 U.S.C. § 3561(a)(2); 21 U.S.C. § 841(b)(1)(C).

**The Guidelines**

The 2016 edition of the <u>United States Sentencing Commission Guidelines Manual</u>, incorporating all Guideline amendments, has been used in this case for calculation purposes. U.S.S.G. § 1B1.11.

The Guideline for 21 U.S.C. § 846 and 21 U.S.C. § 841(b)(1)(C) offenses is found in U.S.S.G. § 2D1.1. That section yields a base offense level of 34. U.S.S.G. §§ 2D1.1(a)(5) and 2D1.1(c)(3). Because Rivera will receive the § 3B1.2 adjustment for a mitigating role with a base offense level of 34, the base offense level is reduced by three levels to 31. U.S.S.G. § 2D1.1(a)(5)(B)(ii).

Rivera meets the criteria set forth in subdivisions (1) through (5) of subsection (a) of § 5C1.2 (Limitation on Applicability of Statutory Minimum Sentences in Certain Cases;

therefore, the offense level is decreased by two levels. U.S.S.G. § 2D1.1(b)(17). As Rivera was a minor participant in the conspiracy, the offense level is reduced by two levels. U.S.S.G. § 3B1.2(b).

Because Rivera has clearly demonstrated acceptance of responsibility for the offense and because he gave timely notice of his intention to enter a guilty plea, a two-level sentence reduction pursuant to Section 3E1.1(a) applies and a one-level reduction pursuant to Section 3E1.1(b) applies. The total offense level is 24.

Defendant has no criminal history points; therefore, the Criminal History Category is I.

Based on the total offense level of 24 and a Criminal History Category of I, the Guideline imprisonment range is 51 to 63 months. U.S.S.G. Ch. 5, Pt. A. As a Class C felony, the Guideline range for a term of supervised release is one to three years. U.S.S.G. § 5D1.2(a)(2). Rivera is ineligible for probation. U.S.S.G. § 5B1.1.

The fine range identified in the Guidelines is $20,000 to $200,000. U.S.S.G. § 5E1.2(c)(3). If Defendant is convicted

8

under a statute authorizing (a) a maximum fine greater than $250,000, or (b) a fine for each day of violation, the Court may impose a fine up to the maximum authorized by statute. U.S.S.G. §§ 5E1.2(c)(4), 5E1.2(h)(1). Therefore, the applicable fine range is $20,000 to $1,000,000.

Costs of prosecution shall be imposed on Defendant as required by statute. U.S.S.G. § 5E1.5. In determining whether to impose a fine and the amount of such a fine, the Court shall consider, among other factors, the expected costs to the Government of any term of probation, or term of imprisonment and term of supervised release imposed. U.S.S.G. § 5E1.2(d)(7); 18 U.S.C. § 3572(a)(6). These costs may include drug and alcohol treatment, electronic monitoring, and/or contract confinement costs. The most recent advisory from the Administrative Office of the United States Courts, dated June 24, 2016, provides a daily cost of $88, a monthly cost of $2,665, and an annual cost of $31,976 for imprisonment.

**The Remaining Factors of 18 U.S.C. § 3553(a)**

Having engaged in the Guidelines analysis, this Court also gives due consideration to the remaining factors identified in

9

18 U.S.C. § 3553(a) to impose a sentence "sufficient, but not greater than necessary," as is required by the Supreme Court's decision in Booker, 543 U.S. 220, and the Second Circuit's decision in Crosby, 397 F.3d 103. In light of the Court's statutory responsibility "to 'impose a sentence sufficient, but not greater than necessary' to accomplish the goals of sentencing," Kimbrough v. United States, 552 U.S. 85, 102 (2007) (quoting 18 U.S.C. § 3553(a)), having considered the Guidelines and all of the factors set forth in § 3553(a), and having reviewed the Presentence Investigation Report and a sentencing memorandum from the Defendant, the Court will impose a sentence outside of the Guidelines range.

Rivera has no prior convictions and is a 45-year old father of two. He maintains full-time gainful employment and provides the primary financial support for his girlfriend, who is the mother of their two teenaged children. Rivera has expressed regret over his conduct and concern for his family should he be incarcerated.

**The Sentence**

For the instant offenses, Jose Rivera shall be sentenced to 366 days in the Location Monitoring Program, also known as the

Home Confinement Program. He is to report to the nearest Probation Office within 72 hours of his sentencing hearing to sign the Participant Agreement and begin location monitoring.

Rivera shall participate in the Program under the Home Detention level of restriction. He is to remain in home confinement at all times except for pre-approved and scheduled absences for employment, education, religious activities, treatment, attorney visits, court appearances, court-ordered obligations, or other activities as approved by the probation officer. He will be required to submit to electronic location monitoring via a non-removable ankle bracelet.

The term of home confinement shall be followed by a three (3) year term of supervised release. As mandatory conditions of his supervised release, Defendant shall:

    (1)  Not commit another federal, state, or local crime.

    (2)  Not illegally possess a controlled substance.

    (3)  Not possess a firearm or destructive device.

    (4)  Cooperate in the collection of DNA as directed by the probation officer.

The standard conditions of supervision (1-13) are recommended with the following special conditions:

(1) Defendant shall submit his person, residence, place of business, vehicle, and any property or electronic devices under his control to a search on the basis that the probation officer has reasonable suspicion that contraband or evidence of a violation of the conditions of the Defendant's supervised release may be found. The search must be conducted at a reasonable time and in a reasonable manner. Failure to submit to a search may be grounds for revocation. The Defendant shall inform any other residents that the premises may be subject to search pursuant to this condition.

(2) The Defendant is to report to the nearest Probation Office within 72 hours of the completion of his Location Monitoring Program term.

(3) The Defendant shall be supervised by the district of residence.

It is further ordered that Defendant shall pay to the United States a special assessment of $100, which shall be due immediately.

Defendant shall forfeit to the United States any and all proceeds obtained directly or indirectly from the commission of the offense. Because the Defendant does not have the ability to pay a fine, the fine is waived in this case.

It is so ordered.

New York, NY
February 16, 2017

_____
ROBERT W. SWEET
U.S.D.J.

13